IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PABLO SANTILLANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-cv-4384-BF |
| | § | |
| MANHATTAN CONSTRUCTION | § | |
| COMPANY, DALLAS DEMOLTION | § | |
| COMPANY II and DALLAS | § | |
| DEMOLITION AND ENVIRONMENTAL | § | |
| SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendants Dallas Demolition Company II and Dallas Demolition and Environmental Services, LLC ("the Dallas Demolition Defendants") have filed a motion to strike Plaintiff Pablo Santillana's First Amended Complaint on grounds that the amended complaint was filed without leave of court and adds non-diverse defendants whose joinder destroys federal subject-matter jurisdiction. Having examined the relevant factors under *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), the Court determines that Plaintiff should be permitted to amend his complaint to add the non-diverse defendants.

This personal injury action arises out of an incident occurring on December 3, 2010 in which Plaintiff, a Texas citizen, alleges that he fell through a skylight on the roof of a building in downtown Dallas when he was working with a company that was abating asbestos at the building. *See* Plf. Am. Compl. at 2, ¶ 5. Plaintiff initially filed this action in Texas state court on September 26, 2012 asserting claims for negligence against Defendant Manhattan Construction Company ("Manhattan

Construction"), a citizen of Oklahoma and the general contractor for the building project. Def. Rem. Not. App., Exh. 2. Manhattan Construction filed an answer in state court on October 25 and, then, removed to federal court on the basis of diversity jurisdiction. Nine days later, on November 8, Plaintiff filed his First Amended Complaint in federal court adding the Dallas Demolition Defendants, who are citizens of Texas, as parties and asserting negligence claims against them because they "were in charge of the demolition at the site." Plf. Am. Compl. at 1-2, ¶¶ 3-4. The Dallas Demolition Defendants answered and, on January 3, 2013, filed the instant motion to strike Plaintiff's amended complaint. By their motion, the Dallas Demolition Defendants contend that Plaintiff's amended complaint is improper because it was filed without leave of court and seeks to add parties solely for the purpose of defeating diversity jurisdiction. Plaintiff does not dispute the effect of his amended complaint, but requests that his pleading be allowed as his one "free" amendment under Federal Rule of Civil Procedure 15(a). Manhattan Construction does not oppose the motion to strike. The issues have been fully briefed by the parties, and the motion is ripe for determination.

Because Plaintiff's First Amended Complaint adds defendants whose joinder would destroy the Court's diversity jurisdiction, the Court must scrutinize the amended complaint and use its discretion in deciding whether to allow those parties to be added. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013); *see also Martinez v. Holzknecht*, 701 F.Supp.2d 886, 888 (S.D. Tex. 2010) (explaining that 28 U.S.C. § 1447(e), rather than Rule 15(a), applies when a plaintiff seeks to amend a complaint to destroy diversity jurisdiction after removal). The Fifth Circuit has identified several factors that inform the Court's discretion in deciding whether to permit post-removal joinder of non-diverse parties, including: (1) the extent to which the purpose of the

amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. *Priester*, 708 F.3d at 679; *Hensgens*, 833 F.2d at 1182. If the Court permits joinder, it must remand the case to the state court. 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

Here, the Dallas Demolition Defendants urge the Court to infer an improper purpose behind Plaintiff's amended complaint based on the fact that the amendment was filed shortly after the original defendant removed the case to federal court. *See* Def. Mot. at 5. They argue that the amendment likely was not the result of any new information because Plaintiff knew at the time of the incident that they "were in charge of the demolition at the site." *Id.* The Dallas Demolition Defendants further argue that the fact that Plaintiff was not dilatory in filing his amendment is "not terribly relevant" and that any prejudice Plaintiff may suffer by not being allowed to amend is outweighed by the "first – and most important – factor," which is Plaintiff's purported intent. *Id.* at 5-6. In response, Plaintiff asserts that he initially attempted to amend his complaint before the case was removed. Plf. Resp. at 1. He states that his counsel mailed the amended petition to the state court clerk on October 12, 2012, but that the clerk inadvertently neglected to file it. *Id.* In support of his assertion, Plaintiff submits a copy of his amended petition and a cover letter addressed to the 160th Judicial District Clerk dated October 12, 2012. Plf. Resp., Exh. 1.

Turning to the *Hensgens* factors, the Court determines that the balance of the factors weighs in favor of permitting joinder. First, the Court is not convinced that Plaintiff's primary purpose in

3

amending his pleading was to defeat diversity jurisdiction. Plaintiff has stated a claim for negligence against the Dallas Demolition Defendants. Courts have held that when a plaintiff states a viable claim against a non-diverse defendant it is "unlikely that the primary purpose of the amendment is to destroy diversity jurisdiction." *McNeel v. Kemper Cas. Ins. Co.*, No. 3:04-CV-734, 2004 WL 1635757, at *2 (N.D. Tex. July 21, 2004) (citing cases). It also appears that Plaintiff may have tried to join the Dallas Demolition Defendants prior to removal. A post-removal amendment is "not indicative of a plaintiff's intent to defeat diversity where it is clear that [he] sought to include that defendant in the litigation from the beginning." *Criswell v. Wal-Mart Stores, Inc.*, No. 1:09-CV-502, 2009 WL 5061826, at *2 (E.D. Tex. Dec. 15, 2009). Second, Plaintiff was not dilatory in amending his complaint. To the contrary, he filed his amended complaint within 10 days of removal and before any significant activity in the case occurred. *Akbani v. TRC Engineers, Inc.*, No. 3:09-CV-1154-M, 2009 WL 2614473, at *4 (N.D. Tex. Aug. 25, 2009) (finding plaintiff not dilatory where he attempted to amend within one month of removal and no trial or pre-trial dates had been scheduled). Contrary to the Dallas Demolition Defendants' assertion, his diligence in promptly filing the amendment is relevant and weighs in favor of permitting joinder. *See id.* Third, Plaintiff could be significantly injured if the amendment is not allowed because he would have to refile his claims against the Dallas Demolition Defendants in state court and incur the burden and expense of litigating claims arising from the same incident in two different forums. *Criswell*, 2009 WL 5061826, at *5 (finding potential for parallel proceedings weighs in favor of granting leave to join non-diverse defendant); *McNeel*, 2004 WL 1635757, at *4 (same). Finally, other factors bearing on the equities, including the interest in promoting judicial efficiency and eliminating possible inconsistent results, weighs in favor of allowing the amendment. *Mia Reed and Co., Ltd. v. United*

4

*Fire & Cas. Co.*, No. H-10-4440, 2012 WL 2499932, at *9 (S.D. Tex. June 27, 2012) (granting motion for leave to file amended complaint and add nondiverse defendants where, *inter alia*, interest in maintaining federal forum was outweighed by inefficiency that would result from parallel state and federal proceedings).

Under the circumstances of this case, the relevant factors favor allowing Plaintiff to amend his complaint and join the Dallas Demolition Defendants as additional defendants. Accordingly, the motion to strike Plaintiff's amended complaint is denied. Because the Court is permitting joinder of the Dallas Demolition Defendants, this action must be remanded to state court. *See* 28 U.S.C. § 1447(e); *Hensgens*, 833 F.2d at 1182.

## CONCLUSION

The Dallas Demolition Defendants' Motion to Strike Plaintiff's First Amended Complaint (Doc. 16) is DENIED, and this case is REMANDED to the 160th District Court of Dallas County, Texas.

SO ORDERED, September 10, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE